ASG INDUSTRIES, INC., et al.

v.

UNITED STATES.

Appeal No. 81–25.
C.A.D. 1237.

United States Court of Customs and Patent Appeals.

Aug. 21, 1981.

---

Frederick L. Ikenson, Washington, D. C., for ASG Industries, Inc.

Stuart E. Schiffer, Civ. Div., Dept. of Justice, Washington, D. C., Acting Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, David M. Cohen, Dept. of Justice, Civ. Div., New York City, for United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

## ON MOTIONS

RICH, Judge.

### The Appeal

This appeal is from an "order" of The United States Court of International Trade (formerly the United States Customs Court), dated April 24, 1981, 519 F.Supp. 909, which was accompanied by a memorandum of even date. The order was entered after a hearing, both parties filing briefs, on March 18, 1981, on remand of the case from this court pursuant to its decision in *ASG Industries, Inc. v. United States*, 67 CCPA ——, C.A.D. 1237, 610 F.2d 770 (1979), which will be referred to as the "first appeal." The hearing was limited to consideration of the Government's motion to dismiss.

The basic questions involved in the case are (1) whether the West German Government provided a bounty or grant to German manufacturers of float glass imported into the United States, so as to give rise to a countervailing duty requested by appellants who are domestic manufacturers and wholesalers of float glass, and (2) the net amount of such bounty or grant. On the first appeal, this court held that certain benefits bestowed by West Germany upon

float glass manufacturers *were* bounties or grants. However, the *net amount* of the bounty or grant, within the meaning of 19 U.S.C. § 1303(a)(1), upon which a countervailing duty, if any, would be based, had not been determined.

After much discussion in the opinion with respect to the proper procedure for determining the net amount of the bounty or grant, this court concluded

> * * * that a trial *de novo* is indicated in this case so that the merits of the issue of the amount of the net bounty herein involved can be *fully developed.* [Emphasis ours.]

This court therefore ruled as follows:

> In view of all the foregoing, we *reverse* the judgment of the Customs Court [which had affirmed an administrative decision that there was no bounty or grant] and *remand* for further proceedings consistent with this opinion.

In the proceedings on remand, appellants and the Government took different views as to the interpretation of this court's opinion and of what should be done on remand. The Government position was that the *only* question to be decided was whether there were any "offsets" to the gross amounts of the West German Government's payments to the German manufacturers, the amount of which payments appears not to be in dispute. Government counsel stated that the Government had no evidence of any offsets and would not attempt to prove any, wherefore there was nothing for the court to decide, and moved below to dismiss the case, requesting, however, that the court do so "with a judgment ordering the administering authority of the countervailing duty law (19 U.S.C. § 1303) to determine, ascertain or estimate the net amount of the bounties or grants * * * and to levy a countervailing duty equal to such net bounty or grant on such importation of float glass."

In arguing against the Government's aforesaid motion to dismiss, appellants' counsel contended that the government position was not in harmony with this court's

remand for a trial *de novo* in C.A.D. 1237, the first appeal, asked denial of the motion to dismiss, and made two suggestions. The first was that the Court of International Trade should retain its control over the determination of net bounty and "remand" the case to the Commerce Department (to which jurisdiction had been transferred [1] from Treasury) to determine or estimate the net bounties or grants consistently with C.A.D. 1237 *and report back* so that the court could consider the findings and issue its final order. The second was that the court receive expert testimony and/or supplemental briefing before determining the net amount. It submitted a proposed order embodying only the first suggestion.

In its April 24, 1981, order, here on appeal, the court wholly adopted the Government's position that it had nothing to decide, granted the motion to dismiss and, at the same time, "remanded" the case to the Secretary of Commerce, directing that he or his delegate (1) ascertain and determine or estimate the net amount of the bounties or grants "without deducting any offsets" and (2) direct the Customs officers to assess countervailing duties "in the net amount equal to said bounties or grants." Appellants' present appeal from that order was filed in this court on June 22, 1981.

### The Motions

The case is brought up at this time by three motions.

(1) June 29, 1981, appellants filed a "Motion for an Injunction Pending Appeal." They ask this court

> * * * for an order enjoining, pending the final resolution of this appeal, the Secretary of Commerce and his successors, agents, and assigns from issuing or publishing any countervailing duty order with respect to float glass from the Federal Republic of Germany or from complying with the directives contained in the order of the Court of International Trade of April 24, 1981 (Slip Op. 81–34).

(2) July 13, 1981, the Government, appellee, along with an opposition to appellants' mo-

---

1. The effective date of that transfer was January 2, 1980. *See* 44 Fed.Reg. 69273 (1979).

tion, countered with a motion to dismiss the present appeal "on the grounds that appellants obtained a favorable judgment from the court below and thus are not aggrieved parties."

(3) In the alternative, the Government "requested"

> * * * that the court summarily affirm the decision and judgment of the Court of International Trade, pursuant to Rule 5.12 [CCPA Rules], as this case is of such a character as not to require oral argument or briefs and may be decided on the record.

We treat that as a motion for a summary affirmance of the order now on appeal.

## DECISION

In the course of arguing these three motions through extensive briefs and attached appendices, the parties have, inevitably, argued the merits of the underlying appeal, fully expounding their views, pro and con, on the correctness of the action taken on remand and complained of by appellants. We see no reason to review these arguments again at a later date, which course would delay final resolution of this litigation by at least several months. In the interests of justice, of judicial economy, and especially of the expeditious disposition of litigation, we accept the Government's invitation to summarily decide the appeal[2] at the same time that we decide the motions. For the further reasons hereinafter set forth, our disposition is as follows:

1. The appealed order of April 24, 1981, is *vacated*.

2. Appellants' motion for an injunction is *dismissed* as moot.

3. The Government's cross-motion to dismiss the appeal is *denied*.

**2.** Under CCPA Rule 5.12 this court may, *sua sponte*, conclude that a case is of such character as not to require oral argument or briefs and decide it on the record. Here, however, we have briefs fully discussing the issues. *See* 28 U.S.C. §§ 2106, 2601(c) and *Clayton Chemical & Packaging Co. v. United States*, 383 U.S. 821, 86 S.Ct. 1128, 16 L.Ed.2d 288 (1966).

4. The Government's request for summary affirmance of the appealed order is *denied*.

## OPINION

### I

With respect to the order dismissing the action and "remanding" this matter to the Secretary of Commerce,[3] we are vacating it because it is not in accord with this court's decision and remand of November 29, 1979, C.A.D. 1237, to conduct a trial *de novo* "so that the merits of the issue of the amount of the net bounty herein involved can be fully developed." It was this court's intention that such full development of the net bounty issue should take place in the court, not that it be turned over with no restraint whatsoever to the administering authority, now the Commerce Department.

We are aware that with respect to cases arising after January 1, 1980, review of countervailing duties is not to be by trial *de novo* but, as the Government recognizes, this case is to be governed by the "old law" since it is a case commenced prior to January 1, 1980.

We have to disagree with the Government's interpretation of this court's opinion that the only matter to be considered on remand was whether or not there were "offsets" to be deducted from the gross amount of the bounties or grants. Since the appealed action was based on the Government's erroneous construction, it was not in accord with the remand. We point out that the opinion, although it discussed deductions, said that "all relevant circumstances are to be taken into account." Appellants have indicated specific matters they wish to have taken into account in a judicial proceeding.

**3.** This case was originally brought to review a decision of the Secretary of the Treasury whose jurisdiction has been transferred to the Secretary of Commerce by P.L. 96–39 and E.O. 12188, 45 Fed.Reg. 989 (1980).

The purpose of our present action in vacating the appealed order is to give appellants the trial *de novo* which this court decreed by the remand, which was frustrated by the granting of the Government's motion to dismiss. When the argument was presented on that motion, appellants' counsel was asked by the court, during oral argument, to file a memorandum "as to the applicability of section 516(d) as against 751." Such a memorandum was filed in which counsel expressed (page 4, footnote 2 and related text) his views of what, as a practical matter, the court could do in determining the net amount of bounty or grant. His concerns appear to reside in the "quantification methodology" used to determine net bounty or grant and to be of an accounting nature. Appellants are entitled, in our view, to their day in court to present their case, whatever it may be, on what the net bounty or grant is or, at least, on the method by which it is to be determined, and to a decision thereon by the Court of International Trade. The only matter considered and ruled on in the March 18, 1981, hearing on remand, as shown by the stenographic transcript of the proceeding and the briefs we have before us, was the Government's motion to dismiss, which was granted. Appellants have not had the opportunity, which this court intended them to have, to present their case. If they have any evidence to produce in support of their contentions, they are entitled to introduce it.

## II

■ Appellants' motion in this court for an injunction to stay all proceedings pursuant to the order of April 24, 1981, is rendered moot by our present vacating of that order. Appellants, in asking for the stay, assumed we would not decide their appeal from that order until some later date and that the order would, meanwhile, remain in effect. Since we are deciding the appeal now, the reason for the motion has been removed. We assume that no administrative action will be taken to determine net bounty or grant while that question remains *sub judice.*

Appellants' brief on this motion (footnote 1) advises that administrative action is suspended, until decision of this motion, by agreement of counsel. Since the vacating of the order removes the authority for action, the matter is no longer a matter for counsel to decide.

## III

■ The Government's cross-motion for dismissal of the appeal, which appeal we are hereby deciding, is denied as lacking merit. The Court of International Trade did not carry out this court's remand for a trial *de novo* and dismissed appellants' case. Appellants are, therefore, aggrieved parties having a right to appeal.

## IV

As the Government's motion papers remind us, this case is entitled to a preference under 28 U.S.C. § 2602(a).[4] Summary judgment under all the circumstances of this case, where all the issues involved in the appeal have been fully aired in the motion papers, is most appropriate. We disagree with the Government, however, for reasons stated above, that the appealed orders should be affirmed. The motion for a summary affirmance is therefore denied.

The order of the Court of International Trade is *vacated* and the case is *remanded* for further proceedings consistent herewith.

*VACATED AND REMANDED.*

---

4. 28 U.S.C. § 2602(a) reads as follows:
   (a) Every proceeding in the Court of Customs and Patent Appeals arising under section 516 of the Tariff Act of 1930, as amended, shall be given precedence over other cases on the docket of such court, except as provided for in paragraph (b) of this section, and shall be assigned for hearing at the earliest practicable date and expedited in every way.