## CLAYTON CHEMICAL & PACKAGING CO. *v.*
## UNITED STATES.

No. 890.   Decided March 28, 1966.

*John Joseph McDermott* and *John D. Rode* for petitioner.

*Solicitor General Marshall* for the United States.

*Joseph Schwartz* for the Association of the Customs Bar, New York, N. Y., as *amicus curiae,* in support of the petition.

PER CURIAM.

Petitioner brought a proceeding before a single judge of the Customs Court to reappraise the United States value of a product which it imported.   The appraiser had relied upon the prices at which petitioner sold the product to establish its value for assessment of import duties.   Petitioner offered in evidence certain affidavits to show that most of its sales of the product were for

experimental purposes and in experimental quantities, and hence were not relevant to show "the price at which such . . . imported merchandise is freely offered for sale . . . in the principal market of the United States to all purchasers . . . in the usual wholesale quantities and in the ordinary course of trade . . . ." Act of June 17, 1930, c. 497, § 402 (e), 46 Stat. 708, as amended, 19 U. S. C. § 1402 (e) (1964 ed.). Cf. *United States* v. *H. Muehlstein & Co.,* 42 Cust. Ct. 760 (1959).

Over objection of the United States that the affidavits were not admissible, the judge received them in evidence. The ground for admission of the affidavits was 28 U. S. C. § 2633 (1964 ed.), which provides that in reappraisement proceedings, "affidavits and depositions of persons whose attendance cannot reasonably be had . . . may be admitted in evidence." Relying on the affidavits, the single judge found that most of petitioner's sales were for experimental purposes. 49 Cust. Ct. 409 (1962).

On appeal by the United States from a reappraisal favorable to petitioner, the Appellate Term of the Second Division of the Customs Court held that the United States had not preserved its objection to the admissibility of the affidavits. 52 Cust. Ct. 620 (1964). The United States appealed to the Court of Customs and Patent Appeals. That court reversed the determination that the United States had not preserved its objection. It held that the affidavits were not admissible because petitioner had not shown that the attendance of the affiants could not reasonably be had, and agreed with the position of the United States that "with exclusion of the affidavits there is no substantial competent evidence of record to rebut the statutory presumption that the United States value of the imported merchandise was the value found by the appraiser." 52 C. C. P. A. (Cust.) 111, 120, 357 F. 2d 1009, 1016 (1965). The judgment of the Customs Court was accordingly reversed,

Judges Smith and Rich dissenting. On petition for re-hearing, petitioner contended that if the affidavits were inadmissible, it was entitled to a remand to the Customs Court to enable it to fill the evidentiary void created by the holding that the affidavits were inadmissible. The petition was denied without opinion, Judges Smith and Rich again dissenting. Because we conclude that peti-tioner should have an opportunity to establish its conten-tions by other types of evidence that may be available to it, we grant a writ of certiorari and reverse.

The Solicitor General suggests that the Court of Customs and Patent Appeals may have deemed the affidavits and any evidence of experimental use that petitioner might present on remand, irrelevant to the question of United States value. The court did not so hold, and the tenor of its opinion is to the contrary. The Solicitor General also asserts that petitioner should have requested a remand prior to its petition for rehear-ing. As appellee in the Court of Customs and Patent Appeals, petitioner had no reason to anticipate that if the United States prevailed on the admissibility of the affidavits the court would nonetheless proceed to con-sider the merits of the reappraisal claim without afford-ing petitioner an opportunity to present oral testimony in lieu of the excluded affidavits. We hold that the Court of Customs and Patent Appeals erred in refusing to remand the case to the Customs Court for further proceedings. Cf. *Ford Motor Co.* v. *Labor Board,* 305 U. S. 364, 373; *Standard-Vacuum Oil Co.* v. *United States,* 339 U. S. 157. Compare *American Propeller & Mfg. Co.* v. *United States,* 300 U. S. 475.

*Reversed and remanded.*