55 CCPA

The UNITED STATES, Appellant,

v.

CHAS. KURZ CO., Appellee.

Customs Appeal No. 5291.

United States Court of Customs and Patent Appeals.

June 27, 1968.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Sec-

tion, Arthur H. Steinberg, New York City, for the United States.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

WORLEY, Chief Judge.

Rule 5(b) of the Rules of the United States Customs Court reads:

*Whenever it shall be made to appear to* a division of this court or *a judge* before whom a cause, action, or proceeding is pending that the *same is not being prosecuted with due diligence, the court may, either upon its own motion or upon the motion of any interested party, enter an order dismissing* the said cause, action, or proceeding *for lack of prosecution.* [Emphasis supplied.]

The sole issue here is whether the trial judge's dismissal of the importer's protest for lack of prosecution was prop-

er or, as the Appellate Division held, "not warranted." From that ruling the Government appeals, stating:

\* \* \* The authority of a trial judge to dismiss a plaintiff's action because of failure to prosecute cannot be seriously doubted. Consequently, \* \* \* [the] judgment should have been affirmed on appeal as his action was within the permissible range of his discretion. Cf. Link v. Wabash Railroad Co., 370 U.S. 626 [82 S.Ct. 1386, 8 L.Ed.2d 734] (1961).

The controversy began with importation of 10 Volkswagen automobiles from Ireland in October 1960 and appraised on "export value." That action was timely challenged by the importer, who claimed a lower value predicated on either "foreign value" or "cost of production."

Subsequently,[1] after numerous motions, objections and contra-motions by

---

\* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. From our examination of the proceedings below we are satisfied the following summary in the Government's brief of the instant proceedings is accurate and take the liberty of quoting at length therefrom:

When this case was called by the Court, counsel for plaintiff stated that there was a test case being tried in New York, he believed before Judge Rao, and he asked "that the case go over to New York so that I can suspend it or that it be continued," and that "[i]t will be suspensible." [In a footnote, the Government states: "The case under which counsel sought to suspend (Reap. No. R 65/972) was in fact not tried until January 17, 1966, and therefore, was not a pending test under which the instant case was suspensible on November 16, 1965. Rule 16 of the Rules of the United States Customs Court."] Judge Wilson pointed out to plaintiff's counsel that "these old cases present a problem," and that the appeal was a 1961 case which had been on the Court's calendar 8 times. Judge Wilson asked Government counsel what his position was. The trial attorney representing the Government stated that, since he had not been given any advance notice, he could neither consent nor object to suspension. He inquired of plaintiff's counsel as to

whether the case under which he sought to suspend was being tried, and as to the issue involved. Counsel replied that he thought the case was on trial, and that the issue was the dutiable value of second-hand Volkswagens. Judge Wilson inquired of plaintiff's counsel as to whether the instant case had been noticed for trial, and counsel replied that it had not been noticed. Judge Wilson stated that, if the case was not disposed of that morning, he would transfer it to New York, and he asked Government counsel if that was agreeable. Government counsel objected on the ground that he did not have sufficient facts to consent to a transfer of the case or a further continuance. Judge Wilson then inquired of Government counsel, "[d]o you want to move to dismiss it?", to which Government counsel responded by making a motion to dismiss for failure to prosecute. Plaintiff's counsel opposed the Government's motion on the ground that the case was suspensible, but he did not have the suspension number. Judge Wilson then granted the Government's motion to dismiss.

Plaintiff's counsel then asked that the case be marked ready, to which counsel for the Government noted his objection to proceeding with the case on the ground that notice of trial had not been given. Judge Wilson agreed with Government

the respective counsel, the trial judge dismissed the appeal.

In reviewing the decision of the trial judge, the Appellate Division, per curiam, stated:

> The question before us is whether dismissal of the case was warranted. In our view, a dismissal for *lack of prosecution* was not, since plaintiff was willing to prosecute the case and was not permitted to do so on the ground of lack of notice. While a case not noticed for trial will not ordinarily be heard without the consent of the parties, the court may permit a hearing when it is deemed that the ends of justice so require. (Rule 3(t), Rules of the United States Customs Court.)[2] The defendant would

counsel that he was entitled to notice of trial. Plaintiff's counsel stated that he had received no advance notice that the Government would move to dismiss, to which Judge Wilson replied that counsel should have anticipated that, since this was a stale case.

Judge Wilson passed the case until 2:00 p. m. When the Court re-convened, Judge Wilson again inquired of plaintiff's counsel as to whether he had given the Government a notice of trial, to which said counsel replied that he had not served either a notice of trial or a statement under Rule 15. Judge Wilson again granted the Government's motion to dismiss. Plaintiff's counsel then stated that the case had been marked ready for trial, to which Judge Wilson replied that counsel could not have the case marked ready since he had not complied with the Rules. Plaintiff's counsel advised that he would like to put the "papers" in evidence and move that the case be transferred to New York "so that it can be taken up with the same group of cases [involving the appraisment of "so-called new second-hand Volkswagens"] when they appear in New York."

Counsel for the Government objected to anything going into evidence, as there had been no notice of trial. Judge Wilson stated that he would not proceed with a trial unless the Government wished to waive lack of notice, which Government counsel declined to do.

Plaintiff's counsel repeated his request that the case either be continued or transferred to New York. Plaintiff's counsel stated that he had hoped that the test case would have started in New York well in advance of the Philadelphia calendar, but that it had not been started. Judge Wilson replied that counsel could not anticipate a suspension. Judge Wilson then stated to Government counsel that, if he would move to dismiss the case, he would grant the motion. Government counsel again moved to dismiss, and Judge Wilson again granted the motion.

On January 31, 1966, counsel for plaintiff filed a motion to set aside Judge Wilson's order of dismissal made at the calendar call in Philadelphia on November 16, 1965, and to suspend the appeal for reappraisement under Reap. No. R64/972. In his affidavit filed in support of the motion, plaintiff's counsel alleged *inter alia* that the questions of law in this case were the same as those involved in Reap. No. R64/972, which was tried at the January term of the Court in New York.

The Government filed an opposition to plaintiff's motion on February 15, 1966, pointing out that this case was not suspensible under Reap. No. R64/972, as claimed by plaintiff, and that it did not appear from plaintiff's moving papers that it intended to proceed to trial at any future time. On February 23, 1966, Judge Wilson entered an order denying plaintiff's motion of January 31, 1966.

A decision and judgment dismissing the appeal for reappraisement was entered by Judge Wilson on March 25, 1966, the decision stating that an examination of the official record disclosed no reason for disturbing the presumptively correct value for the merchandise found by the Appraiser.

On April 21, 1966, counsel for plaintiff filed a motion for a rehearing and to suspend the appeal under Reap. No. R64/972, and an affidavit in support thereof in substantially the same form as that filed on January 31, 1966. The Government filed an opposition to the second motion, pointing out that said motion had called nothing new to the Court's attention which would warrant the Court in changing its prior ruling. Senior Judge Wilson entered an order on May 10, 1966, denying plaintiff's motion of April 21, 1966.

On May 19, 1966, plaintiff filed an application for review and its statement under Rule 31 of the Rules of the United States Customs Court, setting forth its assignment of errors.

2. Rule 3(t) provides in pertinent part:
(t) Whenever a party desires or intends to try or prosecute any case appearing upon a calendar of this court,

not have been prejudiced by the commencement of the trial in Philadelphia since, if it had later developed that the case was not suspensible and was not being prosecuted diligently, the motion to dismiss could have been renewed. On the other hand, the refusal of the court to permit suspension, continuance, transfer, or commencement of trial completely blocked the plaintiff from taking any action in the furtherance of its case. Under the circumstances, the dismissal of the case constituted reversible error in our opinion. Cf. United States v. Jaehne, 8 Ct.Cust.Appls. 307, T.D. 37585.

While we appreciate the broad concern of the court with respect to what *might,* or *might not,* have happened had the trial judge *not* dismissed the protest, our concern here is of a more limited nature, viz., whether the trial judge properly exercised the authority clearly his under Rule 5(b). The language and intent of that rule are so clear as not to require interpretation by this court. Indeed, it is hard to imagine how any court could function without such authority.

We find nothing in this record to hold that the trial judge acted arbitrarily or capriciously. On the contrary, we think his dismissal of the appeal was, on the record before us, consistent with the valid exercise of the authority with which Rule 5(b) clothes all judges of the Customs Court in discharging their responsibilities.

We have compared, as suggested by the Appellate Division, United States v. Jaehne, but do not find it sufficiently in point to control here.

Absent case law authority of our own jurisdiction, we are inclined to agree with the Government's reliance on:

The principles of law which govern dismissal of cases for lack of prosecution are succinctly set forth in the frequently cited case of Sweeny [Sweeney] v. Anderson, 129 F.2d 756 (C.A. 10, 1942), wherein it is stated (page 758):

The elimination of delay in the trial of cases and the prompt dispatch of court business are prerequisites to the proper administration of justice. These g'als cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion. Colorado Eastern Ry. Co. v. Union Pacific Ry. Co., 8 Cir., 94 F. 312; Hicks v. Bekins Moving & Storage Company, 9 Cir., 115 F.2d 406; Cage v. Cage, 5 Cir., 74 F.2d 377; Inderbitzen v. Lane Hospital, 17 Cal.App.2d 103, 61 P.2d 514.

See also McKissick v. United States, 379 F.2d 754 (C.A. 5, 1967); United States ex rel. Gallo v. Follette, 270 F. Supp. 507 (S.D.N.Y., 1967).

Under the circumstances, we are obliged to reverse the judgment appealed from.

Reversed.

KIRKPATRICK, J., took no part in the decision of this case.

RICH, Judge (dissenting).

While it makes sense for an appellate court not to interfere with the discre-

---

he shall, within the times hereinafter specified, serve upon each of the parties affected thereby, a notice in writing setting forth that fact * * *. Except upon consent of the parties of their at-

torneys, or upon good cause shown, cases not so noticed for trial will not be heard unless, in the discretion of the court or a division thereof, it is deemed that the ends of justice so require.

tionary dismissal of cases by a trial court for lack of prosecution, the majority opinion seems to violate that very principle and to suffer from a confusion of identity. *We* are the appellate court and we *are* meddling in the discretionary procedural affairs of the Customs Court, which is a trial court. Three of its judges—all trial judges, which we are not—were of the opinion, construing their own rules, that their colleague, Judge Wilson (and finally Senior Judge Wilson), should not have dismissed the action. The Appellate Term * of the Customs Court is not an appellate court, it is the same court; and in this case it was attending to its own housekeeping. With respect to the cited case, Sweeney v. Anderson, the Customs Court judges were here exercising "supervision over their own dockets" and we should not interfere in their collective discretionary judgment on how to run a trial court. I would affirm.

---

* This is the correct designation, not "Appellate Division." See the Government's brief, pages 2, 3, 7, and 12. See also Clayton Chemical & Packaging Co. v.

United States, 383 U.S. 821, 822, 86 S.Ct. 1128, 16 L.Ed.2d 288.

