**APPLIED RESEARCH LABORATORIES et al.**

v.

**The UNITED STATES.**

**C. R. D. 73–2; Court Nos. 70/35368, etc.**

United States Customs Court.
Jan. 8, 1973.

Stein & Shostak, Los Angeles, Cal. (Marjorie M. Shostak, Los Angeles, Cal., of counsel), for plaintiffs.

Harlington Wood, Jr., Asst. Atty. Gen. (Joseph I. Liebman, New York City, trial attorney), for defendant.

OPINION RE: MOTION TO PERMIT CERTAIN CAUSES OF ACTION TO REMAIN IN THE OCTOBER 1970 RESERVE FILE BEYOND THE EXPIRATION DATE AS PROVIDED BY RULE 14.6

BOE, Chief Judge:

Pursuant to Rule 14.6(e) of the United States Customs Court, Stein and Shostak, attorneys for the plaintiffs, who in their moving papers refer to themselves as "attorneys for plaintiffs in numerous cases which may not have been voluntarily removed from the October, 1970 Reserve File of the United States Customs Court on or before October 31, 1972", request this court to enter their order in the alternative as follows:

1. Stay the clerk of the court from entering an order of dismissal of their cases presently on the October 1970 Reserve File until June 30, 1973.

2. Transfer all of their cases presently on the October 1970 Reserve File to Special Disposition Calendars at the respective ports of entry for disposition for June 30, 1973.

3. Grant an extension of time to February 28, 1973 with respect to their cases on the October 1970 Reserve File.

Although the rules of this court neither contemplate nor provide for the successive and repetitious responsive pleadings which have been gratuitously transmitted to the court by plaintiffs and defendant in connection with this motion, all of the same have been received and duly considered by the court in its determination of this matter.

The motion in question originally was presented in behalf of a designated plaintiff, above named, with a "blanket" reference only to unidentified other "numerous cases", which it was alleged were also included in the October 1970 Reserve File. No definitive enumeration of cases, by name or by number, for which the law firm of Stein and Shostak seeks an extension of time was provided to this court. No attempt was made to provide this court with facts and reasons justifying the relief sought as it might pertain to the respective individual cases. Rather, a "blanket" extension of time was requested with respect to all cases in the October 1970 Reserve File in which the firm of Stein and Shostak serves as attorneys. The election to proceed in such a generalized manner has been made, notwithstanding the admonition to the contrary made by the chief judge of this court to representatives of the Customs Bar, including a representative of the law firm of Stein and Shostak on at least two occasions prior to the expiration date of the October 1970 Reserve File, to wit—October 31, 1972.

However, incorporated as part of a response subsequently made to the "Defendant's Opposition to Plaintiff's Motion", counsel for plaintiffs have submitted two schedules. Schedule A represents cases in the October 1970 Reserve File, all of which counsel for plaintiffs wish to voluntarily abandon. Schedule B represents a list of cases in the October 1970 Reserve File, some of which counsel have indicated thereon their desire to voluntarily abandon. It appears, therefore, that the remaining cases listed on schedule B, not designated by counsel for plaintiffs as abandoned, represent all of the "numerous cases" referred to, but unidentified in the original motion. Although the timeliness of counsel's submission of these schedules may be questioned, the court is inclined to accept the same as though the said cases had been so identified in the initial motion.

The motion presented to this court is predicated upon two grounds:

1. The law firm of Stein and Shostak was prejudiced by the fact that "calendar pages" or what otherwise might be termed as a schedule of cases in the October 1970 Reserve File belonging to the law firm was not received from the clerk of this court until several months after October 1970.

2. That the business and caseload of the law firm were so extensive and voluminous as to preclude the attorneys from performing their work within the period of time relating to the October 1970 Reserve File provided by the rules of this court, to wit—two (2) years.

In the interest of brevity the plaintiffs' first contention may be dismissed with only limited comment. For counsel to state to this court that they were without knowledge as to the identity or number of their cases on the October 1970 Reserve File constitutes an admission that is, indeed, specious, if not incredible.

The Customs Courts Act of 1970 enacted by the Congress of the United States and the implementing rules adopted by this court became effective October 1, 1970. Rule 14.9(c) provides:

"Trials Not Commenced: All actions in which trials have not commenced prior to October 1, 1970 shall, as of that date and for purposes of this rule, be deemed to be in one of the following two subcategories:

(1) Actions listed or scheduled to be listed on court calendars. Such actions shall be removed from the calendars on which they are listed or scheduled to be listed, placed in a reserve file in accordance with Rule 14.-6, and be deemed to have commenced on October 1, 1970 * * *."

Rule 14.6 relating to the reserve file provides:

"(b) Removal from Reserve File: An action may be removed from the reserve file: (1) upon the filing of a complaint pursuant to Rule 4.4; or (2) upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.-

7(b); or (3) upon submission of the action to the court for decision upon an agreed statement of facts pursuant to Rule 8.1."

"(c) Dismissal for Lack of Prosecution: An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution, and [in the absence of the filing of a motion under paragraph (e) of this rule,] the clerk shall enter an order of dismissal without further direction of court. The applicable 2-year period shall begin to run from the last day of the month in which the action is commenced, and shall end on the last day of the 24th month thereafter."

The transmittal of "calendar pages", as referred to by counsel, was a voluntary and gratuitous act of cooperation on the part of the clerk of this court and was neither contemplated nor required by the rules of the court. It must be presumed that a law firm would have knowledge of the total number of untried cases in which they served as counsel which were pending as of October 1, 1970, and accordingly, which were deemed to be on the October 1970 Reserve File, pursuant to the rules of the court aforecited.

Turning our attention to the second ground upon which counsel predicate their motion, we are confronted with a problem which strikes at the very core of our present American judicial process. Repeatedly, we are reminded of the backlog of cases in the courts throughout our country. The word "delay" is rapidly becoming synonymous with the trial of civil as well as criminal cases.

■ It becomes the function and the responsibility of the court, therefore, to closely supervise the respective calendars and dockets to the end that congestion and resulting inexorable delays can be avoided.

In the case of Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the United States Supreme Court stated:

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. * * *

* * * * * *

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. * * *

"Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' Anderson National Bank v. Luckett, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692, 705, 151 A.L.R. 824. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

* * * * * *

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his

representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " (Cases cited.)

Concurrence with the foregoing view was voiced by the Court of Customs and Patent Appeals in the case of United States v. Chas. Kurz Co., 396 F.2d 1013, 55 C.C.P.A. 107, C.A.D. 941 (1968):

> "The principles of law which govern dismissal of cases for lack of prosecution are succinctly set forth in the frequently cited case of Sweeny [Sweeney] v. Anderson, 129 F.2d 756 (C.A.10, 1942), wherein it is stated (page 758):
>
> > The elimination of delay in the trial of cases and the prompt dispatch of court business are prerequisites to the proper administration of justice. These goals cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion." (Cases cited.)

■ This court is fully appreciative of the fact that the fundamental purpose for which courts have been created is to decide cases on the merits and to render judgments in conformity with the law and substantive rights of the parties.

But both the court and the attorney presenting his cause thereto must share the responsibility in assuring the performance and the ultimate attainment of this objective. In the same manner in which the court must supervise the expeditious trial and disposition of the calendar of cases before it, so must the attorney, as an officer of the court, conduct his business and affairs in his office as well as before the court in such a manner as to permit a prompt and timely presentation of those matters requiring judicial determination and review. Without such joint cooperative effort the morass of congestion and delay will continue to be inevitable.

Plaintiff's counsel in the supporting affidavit to the motion cites the broad geographic area throughout the United States in which clients are represented by this firm as well as the extraordinary number of cases in which the firm is involved—of which over 10,000 are stated to be in the October 1970 Reserve File. In essence, this court is asked to grant a special and singular relief to one legal firm which has been unable, because of spectacular business expansion, to adequately represent its clients in a timely manner.

No answering admonition or advice can be directed more succinctly to plaintiffs' counsel than the words expressed by Mr. Justice Jackson of the United States Supreme Court in the case of Knickerbocker Printing Corporation v. United States, 75 S.Ct. 212, 99 L.Ed. 1292 (1954, U.S.):

> "When more business becomes concentrated in one firm than it can handle, it has two obvious remedies: to put on more legal help, or let some of the business go to offices which have time to attend to it. I doubt if any court should be a party to encouraging the accumulation of more business in one law office than it can attend to in due time."

By reason of the adoption and implementation of the rules by this court on October 1, 1970, over 176,000 cases were

automatically placed in the classification and status, which has been referred to as the October 1970 Reserve File. The above-entitled action as well as the cases not designated by name or number for which plaintiffs' counsel also seek a "blanket" extension of time, was among this total number. It is the firm belief of this court that, despite any attempted rationalization to the contrary, a period of two (2) years provided by the rules of this court in which to remove these cases from a reserve file status in order to avoid automatic dismissal after October 31, 1972, provided all counsel a reasonable and sufficient time to protect the interest of their respective clients. The court realizing the singularity of the problem relating to the disposition of causes of action in the October 1970 Reserve File prior to the expiration date of October 31, 1972, has endeavored from time to time to advise and even monitor the efforts of all counsel interested therein. On January 10, 1972, the chief judge of this court transmitted a letter to all counsel having cases in the subject classification. It was stated in part therein:

"As we begin the 1972 calendar year, it is deemed appropriate to direct the attention of all parties concerned to the October 1970 Reserve File of the United States Customs Court. According to the records of the Clerk of this Court, it appears that less than twenty percent of the cases initially placed in the Reserve File have been removed therefrom. Under the provisions of Rule 14.6(c) of the Rules of this Court, any action not removed from this Reserve File on or before October 31, 1972 will be dismissed for lack of prosecution without further direction of the Court.

"In order that no party may feel aggrieved because of any failure to make clearly understood the disposition of this Court with respect to the cases which have not been removed by October 31, 1972, you are advised that

motions for any extension of time will be viewed with disfavor.

\*　　\*　　\*　　\*　　\*　　\*

"It is a duty and obligation of the Court to supervise the orderly clearance of its docket in order that pending and future actions as instituted may be expeditiously heard and considered. The cooperation of the respective parties is requested in order to properly effect this objective."

In April of 1972, the clerk of the court, pursuant to the rules of the court, sent a notice to all parties having actions not previously removed from the October 1970 Reserve File together with a schedule thereof advising that each action would be dismissed in accordance with rule 14.6(c) unless removed within the applicable period of time. In the month of May and in the month of September 1972, the chief judge and the clerk of the court met with representatives of the Customs Bar, including a representative of the law firm of Stein and Shostak, in an effort to provide full cooperation in securing an expeditious disposition of all cases in the October 1970 Reserve File prior to the expiration date, to wit—October 31, 1972.

In view of the foregoing notices and admonitions, it is difficult to accept the evaluation of plaintiffs' counsel that due diligence has been practiced in the performance of their duties and responsibilities.

It is the opinion of this court that the motion in question includes the captioned case, Applied Research Laboratories v. United States, Court No. 70/35368 and only those additional cases identified by plaintiffs' counsel in Schedule B, as not designated to be abandoned. All other cases in the October 1970 Reserve File not so specifically identified and in which plaintiffs' counsel may serve as attorneys are not included in this motion and, therefore, the time for their removal from the October 1970 Reserve File expired on October 31, 1972.

Accordingly, the motion relating to the designated and identified cases as described above is hereby in all things denied.

Let an order be entered accordingly.

## ORDER

Upon reading and duly considering the motion of the plaintiffs, the defendant's answer in opposition thereto and all supplemental responses and pleadings filed with this Court in connection with the above-entitled matter, and

It appearing to the satisfaction of this Court that no bona fide justification exists as to why the above-entitled action or the causes of action, not designated to be abandoned which are enumerated in Schedule B and annexed as a part of a response submitted by counsel for plaintiffs, should be permitted to remain on the October 1970 Reserve File for an extended period of time subsequent to October 31, 1972, or that in the alternative said causes of action should be transferred to Special Disposition Calendars, now therefore, it is hereby;

Ordered that the motion of the plaintiffs be and is hereby in all things denied.