Slip Op. 07-9

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                         :
MATTHEW AARON MILLER,     :
                         :
          Plaintiff,     :
                         : Before: Richard K. Eaton, Judge
     v.                   :
                         : Court No. 05-00019
UNITED STATES SECRETARY   :
OF AGRICULTURE,           :
                         :
          Defendant.     :
                         :
```

MEMORANDUM OPINION

[Defendant's motion to dismiss plaintiff's action for failure to prosecute pursuant to USCIT Rule 41(b)(3) granted.  Case dismissed, without prejudice.]

Dated: January 18, 2007

*Matthew Aaron Miller*, plaintiff, *pro se*.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, United States Department of Justice (*David S. Silverbrand*); Office of the General Counsel, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on the United States' motion on behalf of defendant the United States Secretary of Agriculture ("defendant" or the "Department") to dismiss plaintiff Matthew Miller's action challenging the Department's denial of his application for trade adjustment assistance ("TAA")

for failure to prosecute pursuant to USCIT Rule 41(b)(3).  *See* Def.'s Mot. Dismiss at 1; *see also* 19 U.S.C. § 2401e (2002). Jurisdiction lies with 19 U.S.C. § 2395(c).  For the following reasons, defendant's motion is granted, and plaintiff's case is dismissed, without prejudice.

BACKGROUND

Plaintiff is a crewman on a fishing boat, where he assists in catching Alaskan pink salmon.  According to plaintiff, he was responsible for approximately twelve percent of the boat's total catch from January to December 2002.  *See* Application for Trade Adjustment Assistance (TAA) for Individual Producers, AR[1] at 1. On January 20, 2004, plaintiff applied individually for TAA benefits based on his production of pink salmon.  *See id.*  On December 2, 2004, the Department denied plaintiff's application because it was "submitted after the filing deadline of January 20, 2004."  Letter from Ronald Lord, Deputy Dir., Imp. Policies & Program Div., to Matthew Aaron Miller (Dec. 2, 2004), AR at 13. The denial informed plaintiff that he could seek judicial review of the determination in this Court.  *See id.*

On January 7, 2005, plaintiff mailed to the Court a letter outlining his reasons for believing that the Department had

---

[1]     Citations to "AR" refer to the administrative record submitted for this action.

erroneously denied his application.  *See* Letter from Matthew Miller to United States Court of International Trade (Jan. 7, 2005), AR at 12.  The letter served to commence this action.  *See* Letter from Office of the Clerk, Sarah Allison Thornton, Chief Deputy Clerk, to Mr. Matthew Miller (Jan. 18, 2005) ("Letter I") at 1 ("The Office of the Clerk has reviewed your correspondence, and has accepted it as fulfilling in principle the requirements of the summons and complaint for the commencement of a civil action . . . .").  On January 18, 2005, within two weeks after the action was commenced, the Office of the Clerk sent plaintiff the first of two letters advising him of the Court's filing procedures and suggesting that he obtain legal counsel.  *See id*.  Letter I provided:

> It is strongly suggested that you try to obtain legal counsel as soon as possible. When you obtain counsel, please ask him or her to file with our Court their Notice of Appearance as soon as possible.  If you are unable to afford counsel and wish the Court to assist you in this, please call me for the forms necessary to make an appropriate motion to the Court.

*Id.* at 2.  On March 11, 2005, defendant filed its answer to plaintiff's complaint.

There was no further activity in the case for nearly one year.  On January 31, 2006, the Office of the Clerk sent the second letter to plaintiff, this time enclosing the forms required for the Court's appointment of counsel.  *See* Letter from

Office of the Clerk, Donald C. Kaliebe, Case Management

Supervisor, to Mr. Matthew Miller (Jan. 31, 2006) ("Letter II").

Letter II advised:

> It is strongly suggested that you try to
> obtain legal counsel as soon as possible.  If
> you are unable to afford counsel and wish the
> Court to assist you in this, please refer to
> the enclosed forms, which need to be
> completed in order to make a Motion for Court
> Appointed Counsel.

*Id.*  When plaintiff failed to take action in response to the

second letter by February 2006, the Office of the Clerk

telephoned Mr. Miller.  *See* E-mail from Donald C. Kaliebe, Office

of the Clerk, Case Management Supervisor, to Chambers of Richard

K. Eaton, Judge (Sept. 22, 2006, 06:17:00 EST).  As plaintiff was

unavailable, a message was left on his answering machine

restating the contents of both Letter I and Letter II and urging

plaintiff to act on his case.  On August 22, 2006, defendant

filed this motion to dismiss plaintiff's action for failure to

prosecute.  The motion was served on plaintiff by First-Class

Mail.  *See* Certificate of Service of David S. Silverbrand (Aug.

22, 2006).  For the following reasons, the court grants

defendant's motion and dismisses this case, without prejudice.


STANDARD OF REVIEW

The decision to dismiss an action based on plaintiff's

failure to prosecute a claim is in the Court's discretion.

*See United States v. Rubinstein*, 23 CIT 534, 537, 62 F. Supp. 2d 1139, 1142 (1999); *see also ILWU Local 142 v. Donovan*, 15 CIT 584, 585 (1991) (not reported in the Federal Supplement) ("'Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution.  The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.'") (alteration omitted) (quoting *United States v. Chas. Kurz Co.*, 55 C.C.P.A. 107, 110, 396 F.2d 1013, 1016 (1968)).  "The primary rationale underlying such a dismissal is the failure of a plaintiff to live up to its duty to pursue its case diligently." *A. Hirsh, Inc. v. United States*, 12 CIT 721, 723 (1988) (not reported in the Federal Supplement). The Court generally refrains from taking such action unless there is evidence of "a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court." *Id.* (internal quotation marks and citation omitted).  Nonetheless, absent justifiable circumstances, the Court may exercise its discretion to dismiss when faced with a plaintiff's substantial delay in prosecuting its case.  *See ILWU Local 142*, 15 CIT at 586 (dismissing plaintiff's action, in part, because plaintiff failed to cite an acceptable reason for its delay and further stating that "[u]nder circumstances in which three years have elapsed, the court finds plaintiff consciously decided not to diligently proceed."); *see also Harrelson v. United States*, 613 F.2d 114,

116 (5th Cir. 1980) ("In this case the last pleading . . . was filed . . . 22 months before the dismissal. . . .  In light of the significant inactivity of the plaintiff, we cannot say the district court abused its discretion in dismissing the complaint.") (emphasis omitted).


DISCUSSION

The court finds that plaintiff has failed to prosecute diligently his action and thus grants defendant's motion to dismiss pursuant to USCIT Rule 41(b)(3).  *See* USCIT R. 41(b)(3) ("Whenever it appears that there is a failure of the plaintiff to prosecute, the court may upon its own initiative after notice, or upon motion of a defendant, order the action or any claim dismissed for lack of prosecution.").  Since the commencement of plaintiff's action on January 7, 2005, the Office of the Clerk endeavored on three separate occasions to communicate with plaintiff in order to determine if he intended to pursue his case.  Despite two letters and a message on plaintiff's answering machine urging him to prosecute his case, for the over two-year period dating back to the commencement of his action, nothing has been heard from plaintiff.

When faced with similar facts, this Court found:

> Since the outset, the plaintiff might have availed herself of the proffered assistance of the clerk's office to obtain legal representation *in forma pauperis* (concerning which, it should be noted, the clerk's office expended considerable time and

> effort for her benefit since receipt of her
> [summons and complaint] letter), however she has
> failed, to date, to respond properly.  The Court
> therefore considers it appropriate to dismiss her
> case, but without prejudice, for failure to
> prosecute pursuant to USCIT R. 41(b)(3).

*See Burton v. U.S. Sec'y of Agric.*, 29 CIT __, __, Slip Op. 05-

125 at 3 (Sept. 14, 2005) (not reported in the Federal

Supplement); *see also Luu v. U.S. Sec'y of Agric.*, 30 CIT __, __,

427 F. Supp. 2d 1362, 1365 (2006); *Ebert v. U.S. Sec'y of Agric.*,

30 CIT __, __, 425 F. Supp. 2d 1320 (2006); *Grunert v. U.S. Sec'y*

*of Agric.*, 30 CIT __, __, Slip Op. 06-37 (Mar. 13, 2006) (not

reported in the Federal Supplement); *M/V Cheri H. Inc. v. U.S.*

*Sec'y of Agric.*, 29 CIT __, __, 400 F. Supp. 2d 1382 (2005).

Likewise, the court here finds that plaintiff's failure to take

any action with respect to the case despite the several efforts

undertaken by the Office of the Clerk warrants the dismissal of

plaintiff's action, but without prejudice.


CONCLUSION

Based on the foregoing, the court grants defendant's motion

to dismiss plaintiff's case for failure to prosecute pursuant to

USCIT Rule 41(b)(3) and dismisses the case, without prejudice.

Judgment shall be entered accordingly.


                                          /s/Richard K. Eaton
                                          Richard K. Eaton

Dated:     January 18, 2007
           New York, New York

Slip Op. 07-9

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                             :
MATTHEW AARON MILLER,        :
                             :
        Plaintiff,           :
                             : Before: Richard K. Eaton, Judge
    v.                       :
                             : Court No. 05-00019
UNITED STATES SECRETARY      :
OF AGRICULTURE,              :
                             :
        Defendant.           :
                             :
```

<u>JUDGMENT</u>

This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now therefore, in conformity with said decision, it is hereby

ORDERED that defendant's motion to dismiss plaintiff's action pursuant to USCIT Rule 41(b)(3) is granted; and it is further

ORDERED that this case is dismissed, without prejudice.

 /s/Richard K. Eaton<br>
Richard K. Eaton

Dated:    January 18, 2007
          New York, New York