UNITED STATES COURT OF INTERNATIONAL TRADE

```
                             :
LOUIE MANUTOLI,              :
                             :
          Plaintiff,         :
                             : Before: Richard K. Eaton, Judge
     v.                      :
                             : Court No. 04-00622
UNITED STATES SECRETARY      :
OF AGRICULTURE,              :
                             :
          Defendant.         :
                             :
```

MEMORANDUM OPINION

[Defendant's motion to dismiss plaintiff's action for failure to prosecute pursuant to USCIT Rule 41(b)(3) granted.  Case dismissed, without prejudice.]

Dated: January 18, 2007

*Louie Manutoli*, plaintiff, *pro se*.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, United States Department of Justice (*David S. Silverbrand*); Office of the General Counsel, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on the United States' motion on behalf of defendant United States Secretary of Agriculture ("defendant" or the "Department") to dismiss plaintiff Louie Manutoli's action challenging the Department's denial of his application for trade adjustment assistance ("TAA")

for failure to prosecute pursuant to USCIT Rule 41(b)(3).  *See* Def.'s Mot. Dismiss; *see also* 19 U.S.C. § 2401e (2002). Jurisdiction lies with 19 U.S.C. § 2395(c).  For the following reasons, defendant's motion is granted, and plaintiff's case is dismissed, without prejudice.


BACKGROUND

Plaintiff is a permit-holding salmon fisherman in Alaska. On November 6, 2003, the Department granted the petition for certification as eligible to apply for TAA benefits filed by several groups representing salmon fishermen from Alaska and Washington State.  *See* Trade Adjustment Assistance for Farmers, 68 Fed. Reg. 62,766, 62,766 (Dep't of Agric. Nov. 6, 2003) (notice).  The group certification allowed for "[s]almon fishermen holding permits and licenses in the states of Alaska and Washington" to apply individually for a cash payment pursuant to 19 U.S.C. § 2401e.  *Id.*  On January 15, 2004, plaintiff applied to the Alaska State Farm Service Agency for such a payment.  *See* Application for Trade Adjustment Assistance (TAA) for Individual Producers, AR[1] at 3.

The Department denied plaintiff's application for TAA benefits by letter on November 5, 2004.  *See* Letter from Ronald

---

[1]    Citations to "AR" refer to the administrative record submitted for this action.

Lord, Deputy Dir., Imp. Policies & Program Div., to Louie Manutoli (Nov. 5, 2004), AR at 16.  According to the Department, it denied the application because plaintiff "did not provide all required supporting documentation by the September 30, 2004 deadline."  *Id.*  The denial further informed plaintiff that he could seek judicial review of the determination in this Court. *See id.*

On December 2, 2004, plaintiff mailed to the Court a handwritten letter requesting judicial review of the Department's determination.  *See* Letter from Louie Manutoli to United States Court of International Trade (Dec. 2, 2004), AR at 20.  The letter was filed with the Court on December 7, 2004 and served to commence his action.  *See* Letter from Sarah Allison Thornton, Chief Deputy Clerk, to Louie Manutoli (Dec. 14, 2004) ("Letter I") at 1 (accepting plaintiff's letter as "fulfilling in principle the requirements of the summons and complaint for the commencement of a civil action to review a final determination regarding certification of eligibility for [TAA].").  On December 14, 2004, the Office of the Clerk sent a letter to plaintiff notifying him that he had failed to pay the required $25.00 filing fee and further advised:

> It is strongly suggested that you try to obtain legal counsel as soon as possible. When you obtain counsel, please ask him or her to file with our Court their Notice of Appearance as soon as possible.  If you are unable to afford counsel and wish the Court

> to assist you in this, please call me for the
> forms necessary to make an appropriate motion
> to the Court.

Letter I at 2.

As of January 2005, neither the Court nor defendant had received any communication from plaintiff.  On January 31, 2006, the Office of the Clerk sent another letter to plaintiff, this time including the forms necessary to apply for court-appointed counsel.  *See* Letter from Office of the Clerk, Donald C. Kaliebe, Case Management Supervisor, to Mr. Louie Manutoli (Jan. 31, 2006) ("Letter II").  Letter II advised Mr. Manutoli:

> It is strongly suggested that you try to
> obtain legal counsel as soon as possible.  If
> you are unable to afford counsel and wish the
> Court to assist you in this, please refer to
> the enclosed forms, which need to be
> completed in order to make a Motion for Court
> Appointed Counsel.

*Id.*  When plaintiff did not respond to this second effort to contact him, the Office of the Clerk telephoned plaintiff in February 2006 at the number he provided the Court.  The number connected to what appears to have been Mr. Manutoli's former place of business.  That being the case, a message reiterating the contents of both Letter I and Letter II was left with a person at that number; however, the Office of the Clerk was informed that Mr. Manutoli was no longer employed at the company. Plaintiff did not return the phone call.  *See* E-mail from Donald C. Kaliebe, Office of the Clerk, Case Management Supervisor, to

Chambers of Richard K. Eaton, Judge (Sept. 22, 2006, 06:17:00 EST).

On August 22, 2006, approximately twenty months after the last communication was received from plaintiff, defendant filed a motion to dismiss the action pursuant to USCIT Rule 41(b)(3). The motion was served on plaintiff by First-Class Mail.  *See* Certificate of Service of David S. Silverbrand (Aug. 22, 2006). For the following reasons, the court grants defendant's motion and dismisses this case; however, it does so without prejudice.


STANDARD OF REVIEW

It is well settled that the decision to dismiss an action based on plaintiff's failure to prosecute a claim lies within the discretion of the court.  *See United States v. Rubinstein*, 23 CIT 534, 537, 62 F. Supp. 2d 1139, 1142 (1999); *see also ILWU Local 142 v. Donovan*, 15 CIT 584, 585 (1991) (not reported in the Federal Supplement) ("'Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution.  The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.'") (alteration omitted) (quoting *United States v. Chas. Kurz Co.*, 55 C.C.P.A. 107, 110, 396 F.2d 1013, 1016 (1968)).  "The primary rationale underlying such a dismissal is the failure of a plaintiff to live up to its duty to pursue its case diligently."

*A. Hirsh, Inc. v. United States*, 12 CIT 721, 723 (1988) (not reported in the Federal Supplement).  The Court generally refrains from taking such action unless there is evidence of "a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court."  *Id.* (internal quotation marks and citation omitted).  Nonetheless, absent justifiable circumstances, the Court may exercise its discretion to dismiss when faced with a plaintiff's substantial delay in prosecuting its case.  *See ILWU Local 142*, 15 CIT at 586 (dismissing plaintiff's action, in part, because plaintiff failed to cite an acceptable reason for its delay and further stating that "[u]nder circumstances in which three years have elapsed, the court finds plaintiff consciously decided not to diligently proceed."); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) ("In this case the last pleading . . . was filed . . . 22 months before the dismissal. . . .  In light of the significant inactivity of the plaintiff, we cannot say the district court abused its discretion in dismissing the complaint.") (emphasis omitted).

### DISCUSSION

The court finds that plaintiff has indeed failed to "live up to [his] duty to pursue [his] case diligently."  *A. Hirsch, Inc.*, 12 CIT at 723; *see also* USCIT R. 41(b)(3) ("Whenever it appears

that there is a failure of the plaintiff to prosecute, the court may upon its own initiative after notice, or upon motion of a defendant, order the action or any claim dismissed for lack of prosecution."). The Office of the Clerk has endeavored on three separate occasions to communicate with plaintiff in order to determine if he intended to pursue his case. Plaintiff did not respond to either of the letters or the telephone message left by the Office of the Clerk and, indeed, plaintiff did not contact the court to provide new contact information after he had stopped working at the previously provided number. In fact, nothing has been heard from plaintiff since the commencement of the action in December 2004. It has been over two years since plaintiff last demonstrated an interest in litigating his case.

When faced with similar facts, this Court found:

> Since the outset, the plaintiff might have availed herself of the proffered assistance of the clerk's office to obtain legal representation *in forma pauperis* (concerning which, it should be noted, the clerk's office expended considerable time and effort for her benefit since receipt of her [summons and complaint] letter), however she has failed, to date, to respond properly. The Court therefore considers it appropriate to dismiss her case, but without prejudice, for failure to prosecute pursuant to USCIT R. 41(b)(3).

*See Burton v. U.S. Sec'y of Agric.*, 29 CIT __, __, Slip Op. 05-125 at 3 (Sept. 14, 2005) (not reported in the Federal Supplement); *see also Luu v. U.S. Sec'y of Agric.*, 30 CIT __, __, 427 F. Supp. 2d 1362, 1365 (2006); *Ebert v. U.S. Sec'y of Agric.*,

30 CIT __, __, 425 F. Supp. 2d 1320 (2006); *Grunert v. U.S. Sec'y of Agric.*, 30 CIT __, __, Slip Op. 06-37 (Mar. 13, 2006) (not reported in the Federal Supplement); *M/V Cheri H. Inc. v. U.S. Sec'y of Agric.*, 29 CIT __, __, 400 F. Supp. 2d 1382 (2005). Likewise, the court here finds that plaintiff's failure to take any action with respect to the case despite the several efforts undertaken by the Office of the Clerk warrants the dismissal of plaintiff's action, but without prejudice.

CONCLUSION

Based on the foregoing, the court grants defendant's motion to dismiss plaintiff's action for failure to prosecute pursuant USCIT Rule 41(b)(3) and dismisses plaintiff's case without prejudice.  Judgment shall be entered accordingly.

                                        /s/Richard K. Eaton
                                        Richard K. Eaton

Dated:     January 18, 2007
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                          :
LOUIE MANUTOLI,           :
                          :
        Plaintiff,        :
                          : Before: Richard K. Eaton, Judge
    v.                    :
                          : Court No. 04-00622
UNITED STATES SECRETARY   :
OF AGRICULTURE,           :
                          :
        Defendant.        :
                          :
```

JUDGMENT

This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now therefore, in conformity with said decision, it is hereby

ORDERED that defendant's motion to dismiss plaintiff's action pursuant to USCIT Rule 41(b)(3) is granted; and it is further

ORDERED that this case is dismissed, without prejudice.

```
                                /s/Richard K. Eaton
                                Richard K. Eaton
```

Dated:    January 18, 2007
          New York, New York