Slip Op. 07-121

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THAT'S MY BOAT, INC., : | |
| : | |
| Plaintiff, : | |
| : | Before: Richard K. Eaton, Judge |
| v. : | |
| : | Court No. 05-00464 |
| UNITED STATES SECRETARY OF : | |
| AGRICULTURE, : | |
| : | |
| Defendant. : | |

MEMORANDUM OPINION

[Defendant's motion to dismiss for failure to prosecute pursuant to USCIT Rule 41(b)(3) granted.  Case dismissed, without prejudice.]

Dated: August 8, 2007

*That's My Boat, Inc.*, plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, United States Department of Justice (*Michael J. Dierberg*); Office of the General Counsel, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on the United States' motion on behalf of defendant the United States Secretary of Agriculture ("defendant" or the "Department") to dismiss for failure to prosecute under USCIT Rule 41(b)(3) plaintiff That's My Boat, Inc.'s challenge to the Department's denial of its application for trade adjustment assistance ("TAA") benefits pursuant to 19 U.S.C. § 2104e (2002).  *See* Def.'s Mot. Dismiss 3;

*see also* Letter from Ronald Lord, Deputy Dir., Imp. Policies & Program Div., to That's My Boat, Inc. (June 22, 2005); Letter from Bob Massey to United States Court of International Trade (Aug. 3, 2005) ("Massey Letter").  Jurisdiction lies pursuant to 19 U.S.C. § 2395(c) (2002).  For the following reasons, defendant's motion to dismiss for failure to prosecute is granted and the case is dismissed, without prejudice.


BACKGROUND

Bob Massey is a shrimp fisherman in the state of Georgia. He owns a corporation named "That's My Boat, Inc.," which has as an asset a shrimp fishing boat.  This action was commenced on August 3, 2005, with Bob Massey named as plaintiff, to contest the denial by the Department of his individual application for TAA benefits.  *See* Massey Letter; *see also* Letter from Office of the Clerk, Donald C. Kaliebe, Case Management Supervisor, to Mr. Bob Massey (Aug. 15, 2005) ("Letter I") at 1 ("The Office of the Clerk has reviewed your correspondence, and has accepted it as fulfilling in principle the requirements of the summons and complaint for the commencement of a civil action . . . .").  Within two weeks after receiving plaintiff's summons and complaint, the Office of the Clerk sent a letter to Mr. Massey, which reminded him, in the event that he had not yet done so, to pay the $25.00 filing fee and further explained the procedural

rules to follow when filing documents with the Court.  *See* Letter I at 1–2.  In addition, Letter I "strongly suggested that [Mr. Massey] try to obtain legal counsel as soon as possible" and informed Mr. Massey that if unable to obtain counsel, he should contact the Office of the Clerk and request the forms necessary to apply for a court- appointed attorney.  *Id.* at 2.  This was the first of two such letters mailed to plaintiff.  Since his letter of August 3, 2005, plaintiff has taken no action to pursue the case.

In response to plaintiff's complaint, defendant, believing that the proper plaintiff in this case is That's My Boat, Inc., filed two separate motions for extensions of time to file its answer.[1]  According to defendant, it filed the motions to provide That's My Boat, Inc. with enough time to find legal representation.  *See* Def.'s Mot. Dismiss at 4 ("[W]e sought and received . . . two extensions of time . . . in order to provide sufficient opportunity for That's My Boat to obtain counsel.").  The Court granted both motions, the first on October 18, 2005, and the second on January 10, 2006.  *See* Order of 10/18/05 (Tsoucalas, J.); Order of 1/10/06 (Wallach, J.).[2]  Defendant's

---

[1]    Defendant maintained this position because That's My Boat, Inc., not Bob Massey, was the actual applicant for TAA benefits.

[2]    This case was assigned to the court on March 7, 2006. *See* Order of 3/7/06.

purpose was defeated, however, when on October 18, 2005, the Court denied, without opinion, defendant's motion to recaption the case. *See* Order of 10/18/05 (Tsoucalas, J.). On January 18, 2006, defendant filed a motion seeking reconsideration of this Court's prior order denying the motion to recaption the case, dismissal of the action for failure to prosecute or, in the alternative, dismissal of the action for lack of subject matter jurisdiction.

Having received no communication from plaintiff as of February 2006, the Office of the Clerk telephoned Mr. Massey at the number he provided. Because plaintiff did not answer, a message was left on his answering machine recommending that he respond to defendant's motion. Plaintiff did not return the phone call. *See* E-mail from Donald C. Kaliebe, Office of the Clerk, Case Management Supervisor, to Chambers of Richard K. Eaton, Judge (Sept. 22, 2006, 06:17:00 EST). On March 6, 2006, the Office of the Clerk sent another letter to Mr. Massey. *See* Letter from Office of the Clerk, Donald C. Kaliebe, Case Management Supervisor, to Mr. Bob Massey (Mar. 6, 2006) ("Letter II"). This letter stated in the opening paragraph:

> It is strongly suggested that you try to obtain legal counsel as soon as possible. If you are unable to afford counsel and wish the Court to assist you in this, please refer to the enclosed forms, which need to be completed in order to make a Motion for Court Appointed Counsel.

*Id.* As with Letter I, Letter II failed to induce plaintiff to act on the case.

On January 19, 2007, this Court granted defendant's motion to reconsider and recaption this case with "That's My Boat, Inc." as the plaintiff. *See That's My Boat, Inc. v. U.S. Sec'y of Agric.*, No. 05-00464 (CIT Jan. 19, 2007) (order granting defendant's motion to reconsider and recaption). On that same date, this Court issued an order directing plaintiff "to show cause as to why this case should not be dismissed pursuant to USCIT Rule 41(b)(3) by February 21, 2007." *That's My Boat, Inc. v. U.S. Sec'y of Agric.*, No. 05-00464 (CIT Jan. 19, 2007) (order to show cause). In the nearly six months that have passed since the issuance of the order to show cause, the court has received no communication from either That's My Boat, Inc. or Mr. Massey.

For the following reasons, the court dismisses this action pursuant to USCIT Rule 41(b)(3) for failure to prosecute, without prejudice.

                         STANDARD OF REVIEW

"It is well settled that dismissal for failure to prosecute is discretionary." *United States v. Rubinstein*, 23 CIT 534, 537, 62 F. Supp. 2d 1139, 1142 (1999); *see also ILWU Local 142 v. Donovan*, 15 CIT 584, 585 (1991) (not reported in the Federal Supplement) ("'Every court has the inherent power, in the

exercise of a sound judicial discretion, to dismiss a cause for want of prosecution.  The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.'") (alteration omitted) (quoting *United States v. Chas. Kurz Co.*, 55 C.C.P.A. 107, 110, 396 F.2d 1013, 1016 (1968)).  "The primary rationale underlying such a dismissal is the failure of a plaintiff to live up to its duty to pursue its case diligently." *A. Hirsh, Inc. v. United States*, 12 CIT 721, 723 (1988) (not reported in the Federal Supplement).

The Court generally refrains from taking such action unless there is evidence of "a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court."  *Id.* (internal quotation marks and citation omitted).  Nonetheless, absent justifiable circumstances, the Court may exercise its discretion to dismiss when faced with a plaintiff's substantial delay in prosecuting its case.  *See ILWU Local 142*, 15 CIT at 586 (dismissing plaintiff's action, in part, because plaintiff failed to cite an acceptable reason for its delay and further stating that "[u]nder circumstances in which three years have elapsed, the court finds plaintiff consciously decided not to diligently proceed."); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) ("In this case the last pleading . . . was filed . . . 22 months before the dismissal. . . .  In light of the significant inactivity of the plaintiff, we cannot say the

district court abused its discretion in dismissing the complaint.") (emphasis omitted).


DISCUSSION

Defendant seeks the dismissal of this action because of plaintiff's failure to prosecute.  According to defendant, That's My Boat, Inc. has been fully aware of the pendency of this action, yet no action has been taken indicating that plaintiff maintains an interest in continuing to litigate this case.

The court finds it appropriate to dismiss plaintiff's action pursuant to USCIT Rule 41(b)(3) for failure to prosecute because plaintiff has failed to prosecute its case diligently.  *See* USCIT Rule 41(b)(3) ("Whenever it appears that there is a failure of the plaintiff to prosecute, the court may upon its own initiative after notice, or upon motion of a defendant, order the action or any claim dismissed for lack of prosecution.").  The timeline of events in this case makes clear that plaintiff has made no effort to pursue its action.  Mr. Massey's letter was received on August 3, 2005.  On August 15, 2005, the Office of the Clerk sent Mr. Massey a letter advising him of the Court's filing procedures and suggesting that he obtain counsel.  *See* Letter I.  Defendant, on September 19, 2005, filed its first motion for an extension of time to answer plaintiff's complaint.  Defendant's second motion to extend its answer time was filed on December 19, 2005.  This

Court granted these motions, which defendant contends were meant to provide plaintiff with additional time to seek legal representation.

Defendant filed its motion to dismiss for failure to prosecute on January 18, 2006.  The motion was served on plaintiff by First-Class Mail.  *See* Certificate of Service of David S. Silverbrand (Jan. 18, 2006).  The Office of the Clerk tried to contact Mr. Massey by telephone in February 2006, but to no avail.  On March 6, 2006, as the response deadline to defendant's motion to dismiss came and went, the Office of the Clerk made one final attempt to urge Mr. Massey to take action by mailing Letter II.  No response was received.  The court then took the additional step on January 19, 2007, of providing plaintiff with thirty days to show cause as to why its action should not be dismissed, but to date has received no response. Thus, other than the letter serving to commence the action, Mr. Massey, either individually or as president of That's My Boat, Inc., has done nothing further to prosecute this case.

When faced with similar facts, this Court found:

> Since the outset, the plaintiff might have availed herself of the proffered assistance of the clerk's office to obtain legal representation *in forma pauperis* (concerning which, it should be noted, the clerk's office expended considerable time and effort for her benefit since receipt of her [summons and complaint] letter), however she has failed, to date, to respond properly.  The Court therefore considers it appropriate to dismiss her case, but without prejudice, for failure to

prosecute pursuant to USCIT R. 41(b)(3).

*See Burton v. U.S. Sec'y of Agric.*, 29 CIT __, __, Slip Op. 05-125 at 3 (Sept. 14, 2005) (not reported in the Federal Supplement); *see also Luu v. U.S. Sec'y of Agric.*, 30 CIT __, __, 427 F. Supp. 2d 1362, 1365 (2006); *Ebert v. U.S. Sec'y of Agric.*, 30 CIT __, __, 425 F. Supp. 2d 1320 (2006); *Grunert v. U.S. Sec'y of Agric.*, 30 CIT __, __, Slip Op. 06-37 (Mar. 13, 2006) (not reported in the Federal Supplement); *M/V Cheri H. Inc. v. U.S. Sec'y of Agric.*, 29 CIT __, __, 400 F. Supp. 2d 1382 (2005). Likewise, the court here finds that Mr. Massey's failure to take any action with respect to the case despite the several efforts undertaken by the Office of the Clerk warrants the dismissal of the action, but without prejudice.


CONCLUSION

Based on the foregoing, the court grants defendant's motion to dismiss for failure to prosecute and dismisses this case, without prejudice.  Judgment shall be entered accordingly.


                                          /s/ Richard K. Eaton
                                            Richard K. Eaton


Dated:    August 8, 2007
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                              :
                              :
THAT'S MY BOAT, INC.,         :
                              :
          Plaintiff,          :
                              : Before: Richard K. Eaton, Judge
     v.                       :
                              : Court No. 05-00464
UNITED STATES SECRETARY OF    :
AGRICULTURE,                  :
                              :
          Defendant.          :
                              :
```

JUDGMENT

Upon consideration of the papers and proceedings had herein, and in conformity with the court's decision in this matter, it is hereby

ORDERED that defendant's motion to dismiss this action pursuant to USCIT Rule 41(b)(3) is granted; and it is further

ORDERED that this case is dismissed, without prejudice.

/s/Richard K. Eaton
Richard K. Eaton

Dated:    August 8, 2007
          New York, New York