**Slip Op. 06-63**


UNITED STATES COURT OF INTERNATIONAL TRADE


|  |  |  |
|---|---|---|
| JOHN LUU, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Court No. 05-00430 |
| | : | |
| U.S. SECRETARY OF AGRICULTURE, | : | |
| | : | |
| *Defendant.* | : | |

[Action challenging denial of Agricultural Trade Adjustment Assistance dismissed for want of prosecution.]

Decided: May 2, 2006


John Luu, Plaintiff *Pro Se*.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Delfa Castillo); Jeffrey Kahn, Office of the General Counsel, U.S. Department of Agriculture, Of Counsel; for Defendant.


**MEMORANDUM OPINION**


RIDGWAY, Judge:

Plaintiff shrimper brought this action against the U.S. Department of Agriculture to challenge the agency's denial of his application for benefits under the Trade Adjustment Assistance ("TAA") for Farmers program. The matter is before the Court following Plaintiff's failure to respond to an Order to Show Cause why the action should not be dismissed. Jurisdiction lies under 19 U.S.C. § 2395(c) (Supp. II 2002).

Based on Plaintiff's failure to respond to the Order to Show Cause, and in light of the chronology of events in the case to date (detailed more fully below), the Court has little choice but to dismiss this action.

## I. Analysis

Plaintiff, a shrimper from Georgia, filed this action in mid-July 2005 contesting the decision of the Department of Agriculture denying his TAA application for the year 2003. Plaintiff candidly conceded that his fishing income for 2003 exceeded his fishing income for 2001. But, according to Plaintiff, his income for 2001 was artificially low due to extensive repairs to both the boat's engine and the shrimping boat itself during the course of that year. Plaintiff contended that his application for TAA should therefore be granted. *See* Letter from Plaintiff to Court (undated, filed July 13, 2005); *see also* Letter from U.S. Dep't of Agriculture to Plaintiff (June 21, 2005) (denying TAA application because Plaintiff's "2003 net fishing income was not lower than [his] 2001 net fishing income").[1]

Within a matter of mere days after the action was commenced, the Office of the Clerk of the Court wrote to Plaintiff, encouraging him to retain a lawyer to represent him, and explaining the procedure for seeking court-appointed counsel if (like many TAA applicants) he is a man of limited financial means. *See* Letter from Office of the Clerk to Plaintiff (July 21, 2005). Unfortunately, no response was forthcoming.

---

[1]*See* Administrative Record at 52.

The Government filed its Answer in late September 2005, and the case was assigned to these chambers on October 18, 2005. Later that day, one of the Court's law clerks called Plaintiff to verify his contact information, which Plaintiff confirmed. In the same phone conversation, Plaintiff also confirmed that he had received the July 21, 2005 letter from the Office of the Clerk. Plaintiff has not been heard from since.

The following day, the Court wrote to Plaintiff, asking him to advise no later than November 28, 2005 whether he had engaged counsel, planned to represent himself, or wished to request court-appointed counsel to represent him free of charge. The necessary forms for seeking court-appointed counsel were enclosed, for Plaintiff's convenience. *See* Letter from Court to Plaintiff (Oct. 19, 2005). The November 28 deadline came and went. Still, Plaintiff failed to respond.

Notwithstanding Plaintiff's default, the Office of the Clerk called Plaintiff, at the request of the Court, on at least seven different occasions in the weeks that followed – twice on December 13, 2005; twice on December 14, 2005; once on December 15, 2005; once on December 16, 2005; and once on December 19, 2005. Calls were placed to Plaintiff's main phone number, as well as his mobile phone; and messages were left on both numbers. But Plaintiff never returned those calls.

Further, on December 14, 2005, the Office of the Clerk left a message with an individual who answered Plaintiff's main phone number, explaining that the Court wished to assist Plaintiff in obtaining counsel to represent him in his court case on a *pro bono* basis. Although the message left by the Office of the Clerk asked Plaintiff to return the call, Plaintiff did not do so.

Undeterred, the Court wrote to Plaintiff yet again on January 5, 2006, documenting the chronology of phone calls and correspondence from the Court to Plaintiff, and outlining Plaintiff's options – either to voluntarily dismiss the action, or to actively prosecute it (and, if he wished to proceed, inquiring whether he intended to represent himself, to retain counsel, or to seek court-appointed counsel). Copies of the forms to request appointment of counsel were once again enclosed, for the sake of convenience. Although he was directed to respond no later than January 20, 2006, Plaintiff never did so.

By letter dated February 21, 2006, the Court instructed Plaintiff to advise no later than March 3, 2006 whether he wished to continue to pursue this action. Enclosed with that letter were both the necessary forms for seeking appointment of counsel and a standard form Stipulation of Dismissal. Plaintiff also was warned that, absent a timely response to the Court's letter, an Order to Show Cause would issue.

More than a month after the March 3 deadline, Plaintiff still had not responded to any of the Court's numerous calls and letters. Accordingly, on April 7, 2006, the Court entered an Order to Show Cause, chronicling the Court's repeated, unsuccessful attempts to engage Plaintiff, and mandating that – no later than April 28, 2006 – Plaintiff "show cause, if any, why this action should not be dismissed for lack of prosecution." *See* Order to Show Cause (April 7, 2006). The same day, the Court sent a letter to Plaintiff, explaining that he had one "last chance to avoid the dismissal of [his] court case." The letter further urged Plaintiff to contact the Court's law clerk if he had any questions "about what he need[ed] to do" to proceed with his case. Alas, Plaintiff's continued silence is deafening.

Pursuant to Rule 41(b)(3) of the Rules of this Court:

> Whenever it appears that there is a failure of the plaintiff to prosecute, the court may upon its own initiative after notice . . . order the action . . . dismissed for lack of prosecution.

USCIT Rule 41(b)(3). With the exception of a single brief phone conversation in mid-October 2005 (which was, in any event, initiated by the Court), Plaintiff here has consistently failed to respond to the Court's numerous letters and phone calls over the course of the nine-month history of the case.

Under the circumstances, there is nothing left to do but to dismiss this action for lack of prosecution, in accordance with the above-quoted Rule. *See*, *e.g.*, Ebert v. U.S. Sec'y of Agriculture, 30 CIT ____, 2006 WL 871263 (2006); Grunert v. U.S. Sec'y of Agriculture, 30 CIT ____, 2006 WL 217989, *dismissed for lack of prosecution*, 30 CIT ____, 2006 WL 626070 (2006); M/V Cheri H. Inc. v. U.S. Sec'y of Agriculture, 29 CIT ____, 400 F. Supp. 2d 1382 (2005); Burton v. U.S. Sec'y of Agriculture, 29 CIT ____, 2005 WL 2249859 (2005).

## II. Conclusion

For all the reasons set forth above, this action challenging the U.S. Department of Agriculture's decision denying Plaintiff's application for Trade Adjustment Assistance must be dismissed for want of prosecution. Judgment will enter accordingly.



_____/s/_____
Delissa A. Ridgway
Judge

Decided:  May 2, 2006
          New York, New York