Slip Op. 08-10

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                              :
SV BLOCK II,                  :
                              :
          Plaintiff,          :
                              : Before: Richard K. Eaton, Judge
     v.                       :
                              : Court No. 06-00455
UNITED STATES SECRETARY       :
OF AGRICULTURE,               :
                              :
          Defendant.          :
                              :
```

<u>MEMORANDUM OPINION</u>

[Defendant's motion to dismiss plaintiff's action for failure to prosecute pursuant to USCIT Rule 41(b)(3) granted.  Case dismissed, without prejudice.]

Dated: January 23, 2008

SV Block II, plaintiff.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael J. Dierberg*), for defendant; Office of the General Counsel, International Affairs & Commodity Programs Division, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge:  This matter is before the court on the United States' motion on behalf of defendant the United States Secretary of Agriculture ("defendant" or the "Department") to dismiss plaintiff SV Block II's ("plaintiff") action challenging the Department's denial of plaintiff's application for trade

adjustment assistance ("TAA") benefits for failure to prosecute pursuant to USCIT Rule 41(b)(3). *See* Def.'s Mot. Dismiss at 1; *see also* 19 U.S.C. § 2401e (2002). Jurisdiction lies under 19 U.S.C. § 2395(c). For the following reasons, defendant's motion is granted, and plaintiff's case is dismissed, without prejudice.

BACKGROUND

On May 3, 2006, Andrew Schmitt applied for TAA benefits based on his production of Washington Concord juice grapes. Application for Trade Adjustment Assistance (TAA) for Individual Producers, Admin. R. ("AR") at 1. On November 6, 2006, the Department denied Mr. Schmitt's application because he failed to "provide acceptable documentation of net farm . . . income by the certification deadline" in order to demonstrate the requisite decline in net income needed to qualify for benefits. Letter from Robert H. Curtis, Dir., Imp. Policies & Program Div., to Plaintiff (Nov. 6, 2006), AR at 30-31. The Department's denial letter informed Mr. Schmitt that he could seek judicial review of the determination in this Court. *See id.*

On December 15, 2006, Mr. Schmitt mailed to the Court a letter stating his reasons for believing that the Department had erroneously denied his application. *See* Letter from Andrew Schmitt to United States Court of International Trade (Dec. 15, 2006). That letter served to commence this action. *See* Letter

from Office of the Clerk, Donald C. Kaliebe, Case Management

Supervisor, to Andrew Schmitt ("Kaliebe Letter") (Dec. 27, 2006)

at 1 ("The Office of the Clerk has reviewed your correspondence,

and has accepted it as fulfilling in principle the requirements

of the summons and complaint for the commencement of a civil

action . . . ."). This letter included the following language:

> It is strongly suggested that you try to
> obtain legal counsel as soon as possible.
> When you obtain counsel, please ask him or
> her to file a Notice of Appearance with the
> Court. If you are unable to afford or obtain
> counsel and wish the Court to assist you in
> this, please call me for the forms necessary
> to make an appropriate motion to the Court.

Kaliebe Letter at 2.

Thereafter, on December 15, 2007, defendant filed a motion

requesting that the court re-caption this matter "SV Block II v.

United States Secretary of Agriculture," substituting the

partnership, SV Block II, for then plaintiff, Mr. Schmitt. *See*

Def.'s Mot. Re-Caption 1. Defendant simultaneously filed a

motion for an extension of time to respond to plaintiff's

complaint, because, assuming that defendant's motion to

re-caption was granted, plaintiff would be required to obtain

counsel under USCIT Rule 75(b). *See* USCIT Rule 75(b) (providing

that "[e]xcept for an individual (not a corporation, partnership,

organization or other legal entity) appearing *pro se*, each party

and any *amicus curiae* must appear through an attorney authorized

to practice before the court"); *see also* Def.'s Mot. Enlarge 1.

On March 30, 2007, this case was assigned to these Chambers. *See Andrew Schmitt v. United States Secretary of Agriculture*, Court No. 06-455 (Mar. 30, 2007) (order assigning case). Thereafter, on April 18, 2007, because its motion to re-caption was still pending, defendant filed a second motion for an extension of time to respond to plaintiff's complaint. *See* Def.'s Second Mot. Re-caption 1-2.

On May 15, 2007, the court granted defendant's motion for an extension of time, up through and including June 4, 2007, for defendant to respond to plaintiff's complaint. *See Andrew Schmitt v. United States Secretary of Agriculture*, Court No. 06-455 (May 15, 2007) (order granting extension). Also on May 15, 2007, the Office of the Clerk sent a second letter to plaintiff, this time enclosing the forms required for the Court's appointment of counsel. *See* Letter from Office of the Clerk, Donald C. Kaliebe, Case Management Supervisor, to Andrew Schmitt (May 15, 2007) ("Second Kaliebe Letter"). This letter again advised plaintiff:

> It is strongly suggested that you try to obtain legal counsel as soon as possible. If you are unable to afford or obtain counsel and wish the Court to assist you in this, please refer to the enclosed forms, which need to be completed in order to make a motion to the Court.

*Id.*

On May 16, 2007, the court granted defendant's motion to re-

caption this case and ordered that this matter be re-captioned "SV Block II v. United States Secretary of Agriculture," substituting the partnership, SV Block II, for plaintiff, Mr. Schmitt. *See Andrew Schmitt v. United States Secretary of Agriculture*, Court No. 06-455 (May 16, 2007) (order re-captioning case).

Subsequently, because plaintiff had not yet appeared through counsel, defendant filed an additional motion for an extension of time to respond to plaintiff's complaint. *See* Def.'s Third Mot. Enlarge 1. The court granted defendant's motion, extending defendant's time to respond until August 3, 2007 and ordering that the parties file a proposed scheduling order on or before August 10, 2007. *SV Block II v. United States Secretary of Agriculture*, Court No. 06-455 (June 27, 2007) (order).

On July 31, 2006, defendant filed a motion to dismiss plaintiff's action for failure to prosecute. The motion was served on plaintiff by First-Class Mail. *See* Certificate of Service of Michael J. Dierberg (July 31, 2007). In consideration of defendant's motion, on October 9, 2007, this court ordered plaintiff to show cause as to why this case should not be dismissed pursuant to USCIT Rule 41(b)(3) by November 9, 2007. *SV Block II v. United States Secretary of Agriculture*, Court No. 06-455 (June 27, 2007) (order to show cause). To date, no response has been provided by plaintiff nor has any counsel filed

a Notice of Appearance on plaintiff's behalf.  For the following reasons, the court grants defendant's motion and dismisses this case, without prejudice.


STANDARD OF REVIEW

The decision to dismiss an action based on plaintiff's failure to prosecute a claim rests soundly in the court's discretion.  *See United States v. Rubinstein*, 23 CIT 534, 537, 62 F. Supp. 2d 1139, 1142 (1999); *see also ILWU Local 142 v. Donovan*, 15 CIT 584, 585 (1991) (not reported in the Federal Supplement) ("'Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution.  The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.'") (alteration omitted) (quoting *United States v. Chas. Kurz Co.*, 55 C.C.P.A. 107, 110, 396 F.2d 1013, 1016 (1968)).  "The primary rationale underlying such a dismissal is the failure of a plaintiff to live up to its duty to pursue its case diligently." *A. Hirsh, Inc. v. United States*, 12 CIT 721, 723 (1988) (not reported in the Federal Supplement).  The Court generally refrains from taking such action unless there is evidence of "a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court." *Id*. (internal quotation marks and citation omitted).  Nonetheless, absent justifiable

circumstances, the court may exercise its discretion to dismiss when faced with a plaintiff's substantial delay in prosecuting its case.  *See ILWU Local 142*, 15 CIT at 586 (dismissing plaintiff's action, in part, because plaintiff failed to cite an acceptable reason for its delay and further stating that "[u]nder circumstances in which three years have elapsed, the court finds plaintiff consciously decided not to diligently proceed."); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) ("In this case the last pleading . . . was filed . . . 22 months before the dismissal. . . .  In light of the significant inactivity of the plaintiff, we cannot say the district court abused its discretion in dismissing the complaint.") (emphasis omitted).


## DISCUSSION

The court finds that plaintiff has failed to prosecute diligently its action and thus grants defendant's motion to dismiss pursuant to USCIT Rule 41(b)(3).  *See* USCIT R. 41(b)(3) ("Whenever it appears that there is a failure of the plaintiff to prosecute, the court may upon its own initiative after notice, or upon motion of a defendant, order the action or any claim dismissed for lack of prosecution.").  Since the commencement of plaintiff's action on December 21, 2006, the Office of the Clerk endeavored on two separate occasions to communicate with

plaintiff in order to determine if it intended to pursue its case.  The court likewise issued an order to show cause to alert plaintiff that it must take action in order to avoid dismissal of its case.  Despite two letters and the court's order to show cause, for more than one year dating back to the commencement of its action, nothing has been heard from plaintiff.

When faced with similar facts, this Court found:

> Since the outset, the plaintiff might have availed herself of the proffered assistance of the clerk's office to obtain legal representation in forma pauperis (concerning which, it should be noted, the clerk's office expended considerable time and effort for her benefit since receipt of her [summons and complaint] letter), however she has failed, to date, to respond properly. The Court therefore considers it appropriate to dismiss her case, but without prejudice, for failure to prosecute pursuant to USCIT R. 41(b)(3).

*Burton v. United States Sec'y of Agric.*, 29 CIT __, __, Slip Op. 05-125, 2005 WL 2249859, at 3 (Sept. 14, 2005) (not reported in the Federal Supplement); *see also Luu v. United States Sec'y of Agric.*, 30 CIT __, __, 427 F. Supp. 2d 1362, 1365 (2006); *Ebert v. United States Sec'y of Agric.*, 30 CIT __, __, 425 F. Supp. 2d 1320 (2006); *Grunert v. United States Sec'y of Agric.*, 30 CIT __, __, Slip Op. 06-37, 2006 WL 626070, at 1 (Mar. 13, 2006) (not reported in the Federal Supplement).  Likewise, the court here finds that plaintiff's failure to take any action with respect to the case despite the several efforts undertaken by the court

warrants the dismissal of plaintiff's action, but without

prejudice.


CONCLUSION

Based on the foregoing, the court grants defendant's motion

to dismiss plaintiff's case for failure to prosecute pursuant to

USCIT Rule 41(b)(3) and dismisses the case, without prejudice.

Judgment shall be entered accordingly.


                                   /s/ Richard K. Eaton
                                   Richard K. Eaton

Dated: January 23, 2008
       New York, New York